UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
RODERICK WOODS,                                Civil No:

               Plaintiff,         **COMPLAINT FOR VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT**

  -against-                                     **DEMAND FOR JURY TRIAL**

CARSON SMITHFIELD, LLC,

               Defendant.
-------------------------------------------------------------X

Plaintiff RODERICK WOODS ("Plaintiff"), by and through his attorneys, Marcus & Zelman, LLC, as and for his Complaint against the Defendant CARSON SMITHFIELD, LLC (hereinafter referred to as "Defendant"), respectfully sets forth, complains and alleges, upon information and belief, the following:

## INTRODUCTION/PRELIMINARY STATEMENT

1. Plaintiff brings this action on behalf of himself for damages and declaratory and injunctive relief arising from the Defendant's violation(s) under Title 47 of the United States Code, §227 commonly known as the Telephone Consumer Protection Act (TCPA).

## PARTIES

2. Plaintiff is a resident of the State of New York, Ulster County.

3. Defendant CARSON SMITHFIELD, LLC ("Carson") is a limited liability company organized under the laws of Delaware with its principal place of business located at 101 Crossways Park Drive, Woodbury, New York, 11797.

## JURISDICTION AND VENUE

4. The Court has jurisdiction over this matter pursuant to 28 USC §1331.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## FIRST CAUSE OF ACTION
*(Carson's Violations of the TCPA)*

6. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

7. On information and belief, on a date better known to the Defendant, began its campaign of communicating with the Plaintiff via the use of an automated telephone dialing system and prerecorded messages throughout the past four years by calling his cell phone number of (914) 204-4497 numerous times.

8. Plaintiff is the sole subscriber of the Verizon account bearing the phone number of (914) 204-4497, and has been the sole subscriber of that account at all times relevant hereto.

9. Plaintiff is the sole party financially responsible for the payment of the Verizon account bearing the phone number of (914) 204-4497, and has been the sole party financially responsible for that account at all times relevant hereto.

10. Plaintiff is the customary and sole user of the cellular phone number (914) 204-4497, and has been the customary and sole user of that phone number at all times relevant hereto.

11. The Defendant called from numerous phone numbers, including but not limited to (877)394-5975 all of which numbers belongs to Defendant.

12. Plaintiff verified that these phone numbers belong to the Defendant by dialing that phone number and being connected with an individual who identified himself as a representative for Carson Smithfield.

13. Plaintiff had no wish to be contacted on his cell phone via the use of an autodialer or prerecorded voice, and expressly directed Defendant to stop calling his cell phone number multiple times.

14. Plaintiff specifically instructed the Defendant to stop calling his cellular phone at least once in April of 2013.

15. Despite these clear instructions, the Defendant has refused to cease calling the Plaintiff's cellular phone, and continued to call the Plaintiff's cellular phone via the use of an automated telephone dialing system and prerecorded voice.

16. Defendant further used prerecorded voice messages to contact the Plaintiff's cellular phone.  When the Plaintiff answered the Defendant's phone calls, a robotic pre-recorded voice message instructed the Plaintiff to "please hold for an important message" followed by music, which was in turn followed by a pre-recorded message stating "please contact Carson Smithfield".

17. Defendant's use of an automated telephone dialing system was clearly indicated by (1) the usage and placement of prerecorded messages, such as "please hold for an important message", (2) hold music playing when the Plaintiff would answer the phone, and (3) further pre-recorded messages such as "please call Carson Smithfield".

18. The Plaintiff never gave the Defendant his prior, express permission to call his cell phone number of (914)204-4497 via the use of an automated telephone dialing

system or prerecorded voice. Furthermore, the Plaintiff has clearly revoked any such previously granted consent on numerous occasions.

19. By placing auto-dialed calls and prerecorded messages to the Plaintiff's cell phone, the Defendant violated 47 USC §227(b)(A)(iii) which prohibits using any automated telephone dialing system or an artificial prerecorded voice to any telephone number assigned to a cellular telephone service when calling to the plaintiff's cell phone.

20. Upon information and belief, the Defendant obtained the Plaintiff's cell phone number of (914)204-4497, via a 'skip-trace' or some other method of obtaining the Plaintiff's cellular phone number other than from him directly, which the Defendant knew was an improper method of obtaining the Plaintiff's cell phone number to be called without his prior express consent.

21. The Defendant therefore willfully violated the TCPA numerous times by (1) placing autodialed calls and prerecorded messages to the Plaintiff's cell phone after he expressly instructed the Defendant to cease calling him, and (2) placing autodialed calls and prerecorded messages to the Plaintiff's cell phone obtained via skip-trace or other means other than directly from the Plaintiff, where the Defendant knew it did not have the Plaintiff's consent for those calls.

22. As a direct result of Defendant's placement of calls to Plaintiff, Plaintiff was deprived of the use of his cellular phone during the times that the Defendant was calling his phone, along with the nuisance that readily comes with receiving auto dialed phone calls.

23. Plaintiff has further suffered actual damages because the Defendant's calls to his

cell phone unnecessarily reduced the number of minutes he is allotted per month in his cell phone plan, which has limited minutes as a part of his cellular rate plan.

24. Defendant's communication efforts attempted and/or directed towards the Plaintiff violated various provisions of the TCPA, including but not limited to 47 USC §227(b)(A)(iii).

25. As a result of Defendant's violations of the TCPA, Plaintiff has been damaged and is entitled to damages in accordance with the TCPA.

## DEMAND FOR TRIAL BY JURY

26. Plaintiff hereby respectfully requests a trial by jury for all claims and issues in its Complaint to which it is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendants as follows:

   A. For mandatory statutory damages of $500 each provided and pursuant to 47 USC §227(c)(2)(G)(3)(B), for all calls placed to the Plaintiff's cellular phone;

   B. Plaintiff requests enhanced trebled damages of $1,500 to be awarded to the Plaintiff per call, in accordance with the TCPA, for the Defendant's willful violations of the TCPA;

   C. For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Dated:      July 7, 2016

                               Respectfully submitted,

                               By: /s/ *Yitzchak Zelman*_____
                               Yitzchak Zelman, Esq.

MARCUS & ZELMAN, LLC
1500 Allaire Avenue, Suite 101
Ocean, New Jersey 07712
Phone:    (732) 695-3282
Facsimile: (732) 298-6256
Email:  Yzelman@MarcusZelman.com
Attorney for Plaintiff


By: /s/ *Ari Marcus*_____
Ari H. Marcus, Esq.
MARCUS & ZELMAN, LLC
1500 Allaire Avenue, Suite 101
Ocean, New Jersey 07712
Phone:    (732) 695-3282
Facsimile: (732) 298-6256
Email:  Ari@MarcusZelman.com
Attorney for Plaintiff